IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-51171
Summary Calendar
_____

MICHAEL T., by next friend Oralee T.,

       Plaintiff-Appellant,

                       versus

EL PASO INDEPENDENT SCHOOL DISTRICT,

       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-252-EP
_____

May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

      Michael T. appeals from the district court's judgment denying him attorneys' fees based on a finding that he was not a prevailing party entitled to attorneys' fees under the Individuals with Disabilities Education Act (IDEA). He argues that, despite an administrative ruling in favor of the defendant on all issues, he is a prevailing party because his mother Oralee T. obtained from an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative hearing officer orders for an assessment and an Admissions, Review, and Dismissal (ARD) committee meeting.

Whether a party is a prevailing party under the IDEA is reviewable only for clear error.[1] "[I]n IDEA cases, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA."[2]

We are persuaded that the district court did not clearly err in determining that Michael was not a prevailing party. The end result of Michael's due process hearing was that he received a full assessment and an ARD committee meeting; however, the district court found that those results could have been obtained at any time from the district but for his mother's refusal to give consent to the initial assessment.[3] On this record, Michael has shown no clear error in the district court's determination that there was no alteration in the parties' legal relationship. Furthermore, we cannot say that the district court clearly erred in determining that the purposes of the IDEA are not fostered by encouraging

---

[1] *Jason D. W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998); *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 557 (5th Cir. 1998).

[2] *Jason D. W.*, 158 F.3d at 209.

[3] *Cf. Salley v. St. Tammany Parish Sch. Bd.*, 57 F.3d 458, 468 (5th Cir. 1995) ("Danielle was given a full evaluation as a result of the due process hearing initiated by the Salleys, but this result could have been obtained at any time and the Salleys were well aware of this fact.").

parents of potentially disabled children to withhold consent to an initial assessment in order to obtain prevailing party status.

AFFIRMED.

3